IN THE SUPREME COURT OF THE STATE OF NEVADA

PLUMBERS LOCAL UNION NO. 519
PENSION TRUST FUND; AND CITY
OF STERLING HEIGHTS POLICE AND
FIRE RETIREMENT SYSTEM,
DERIVATIVELY ON BEHALF OF
NOMINAL DEFENDANT DISH
NETWORK CORPORATION,
Appellants,
vs.
CHARLES W. ERGEN; JAMES
DEFRANCO; CANTEY M. ERGEN;
STEVEN R. GOODBARN; DAVID K.
MOSKOWITZ; TOM A. ORTOLF; CARL
E. VOGEL; GEORGE R. BROKAW;
JOSEPH P. CLAYTON; GARY S.
HOWARD; DISH NETWORK
CORPORATION, A NEVADA
CORPORATION; AND DISH
NETWORK SPECIAL LITIGATION
COMMITTEE COUNSEL,
Respondents.

No. 81704

**FILED**

AUG 04 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a shareholder derivative action after granting a motion to defer to a special litigation committee's determination that the claims should be dismissed. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellants, Plumbers Local Union No. 519 Pension Trust Fund and City of Sterling Heights Police and Fire Retirement System, are shareholders in nominal appellant DISH Network Corporation. They

instituted a derivative suit on DISH's behalf against certain DISH directors, Charles Ergen, James DeFranco, Cantey Ergen, Steven Goodbarn, David Moskowitz, Tom Ortolf, Carl Vogel, George Brokaw, Joseph Clayton and Gary Howard (the respondent DISH directors), alleging that the respondent DISH directors either knew of and sanctioned or willfully ignored third-party DISH retailers' violations of the Federal Telephone Consumer Protection Act (TCPA) and a 2009 Assurance of Voluntary Compliance (AVC) between DISH and the attorneys general of 46 states. DISH's board of directors formed a Special Litigation Committee (SLC), which investigated the respondent DISH directors' conduct, issued a report determining that the suit was not in DISH's best interests, and moved to terminate it. The district court conducted an evidentiary hearing on the limited question of the SLC's qualifications (i.e., whether the SLC was independent and conducted a good faith and thorough investigation), after which it found that the SLC was qualified and dismissed the derivative suit with prejudice based on the SLC's report. This appeal followed.

Appellants seize on a footnote in the district court's dismissal order in which the court suggests that, while it found the SLC qualified under a preponderance of the evidence standard, it would not have reached that conclusion under a question-of-material-fact standard. Appellants note that in *In re DISH Network Derivative Litigation*, 133 Nev. 438, 442-43, 401 P.3d 1081, 1087-88 (2017) (hereinafter *Jacksonville*), this court endorsed the New York Court of Appeals' more deferential approach for assessing SLC qualifications in *Auerbach v. Bennett*, 393 N.E.2d 994 (N.Y. 1979), over that of the Delaware Supreme Court in *Zapata Corp. v. Maldonado*, 430 A.2d 779 (Del. 1981). Under a traditional *Auerbach* framework, "a reviewing court must scrutinize the record to determine

whether a genuine issue of material fact exists as to the committee's independence, good faith and procedural fairness." *Hasan v. CleveTrust Realty Inv'rs*, 729 F.2d 372, 376 (6th Cir. 1984); *see also Will v. Engebretson & Co.*, 261 Cal. Rptr. 868, 873 (Ct. App. 1989) (collecting cases). But the *Jacksonville* majority did not use a summary judgment standard, to which de novo review would apply on appeal. Instead, it endorsed review by the district court of the SLC's qualifications and report under a preponderance of the evidence standard, and reviewed the district court's determination deferentially. 133 Nev. at 444 & n.2, 401 P.3d at 1088 & n.2.

*Jacksonville* has established for itself a "position[ ] of permanence in this court's jurisprudence." *Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008). And the summary footnote in which appellants ask us to reconsider the *Jacksonville* majority's approach in favor of that described in the dissent, *see* 133 Nev. at 453, 401 P.3d at 1094 (Pickering, J., concurring in part and dissenting in part), does not provide sufficient reasoning to break with stare decisis and reconsider our holding in *Jacksonville*. *See Miller*, 124 Nev. at 597, 188 P.3d at 1124.

The district court did not abuse its discretion when, applying a preponderance of the evidence standard, it accepted the SLC's qualifications and report. Two disinterested directors[1] who are not subject to personal liability in the underlying suit, served on the SLC. And the SLC's voting structure required that at least one of these disinterested directors agree in the outcome; indeed, both disinterested directors stood

---

[1]Respondents appear to concede that at least one SLC member—director Brokaw—was interested in the report's outcome. *See Hansen Plumbing & Heating of Nev., Inc. v. Gilbert Dev. Corp.*, 97 Nev. 642, 643, 638 P.2d 76, 76 (1981) (treating the failure to file an answering brief as a confession of error).

behind the SLC report's recommendations. The disinterested directors' sworn statements as to their limited connections with the respondent DISH directors and the preeminence of their personal and professional integrity likewise weigh against finding structural bias inherent in the SLC. Finally, indicia of thoroughness—including the sheer volume of documents reviewed and broad scope of the SLC's authorizing charter—support the district court's determination that the SLC's process was both in good faith and sufficient. *See Jacksonville*, 133 Nev. at 450, 401 P.3d at 1092.

For all these reasons we therefore AFFIRM the district court's dismissal of the derivative suit. It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                                              Stiglich

_____, J.          _____, J.
Cadish                                                 Silver

_____, J.          _____, J.
Pickering                                             Herndon

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Lansford W. Levitt, Settlement Judge
Robbins Arroyo LLP
Robbins Geller Rudman & Dowd, LLP/San Diego
O'Mara Law Firm, P.C.
Hone Law
Sugarman & Susskind, P.A.
Vanoverbke, Michaud & Timmony, P.C.
Leverty & Associates Law, Chtd.
Sullivan & Cromwell, LLP/New York
Young, Conaway, Stargatt & Taylor, LLP
Greenberg Traurig, LLP/Las Vegas
Kemp Jones, LLP
Holland & Hart LLP/Las Vegas
Eighth District Court Clerk